IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY C. ROLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-0830-CV-W-REL-SSA |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is defendant's motion to dismiss plaintiff's case for lack of subject matter jurisdiction. I find that plaintiff has failed to exhaust his administrative remedies and therefore defendant's motion to dismiss will be granted.

## I.   BACKGROUND

On August 16, 2006, plaintiff filed applications for a period of disability, disability benefits, and supplemental security income benefits. On September 14, 2006, the Social Security Administration ("SSA") issued an initial determination denying plaintiff's claims for disability benefits. The denial notice informed plaintiff of the right to request a hearing within 60 days from the date of receiving the notice. On October 12, 2006, SSA received plaintiff's request for a hearing. The Office of Disability Adjudication and Review has not yet issued a decision regarding plaintiff's request for a hearing.

Plaintiff filed this pro se Social Security appeal on October 30, 2007.  On January 3, 2008, defendant filed a motion to dismiss the case for lack of jurisdiction.  I entered an order that same day directing plaintiff to file a response to the motion to dismiss by January 18, 2008.  To date, plaintiff has failed to file a response or request additional time.

## II.     *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405 (g) and (h), authorize judicial review in cases arising under Titles II and XVI of the Social Security Act.  These provisions also make clear that they are the exclusive jurisdictional basis for judicial review.  Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g).

2

Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The SSA regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a) and 416.1400(a).

Under SSA regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. §§ 404.902 and 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. §§ 404.907 and 416.1407. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§ 404.929 and 416.1429. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. §§ 404.967 and 416.1467. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or the Appeals Council may grant the request for review and issue its own decision. 20 C.F.R. §§ 404.981 and 416.1481. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within 60 days after

3

Case 4:07-cv-00830-REL   Document 11   Filed 01/30/08   Page 3 of 4

receiving notice of the Appeals Council's action.  Id.

The regulations clearly state that "[w]hen you have completed the steps of the administrative review process. . ., we will have made our final decision.  If you are dissatisfied with our final decision, you may request judicial review".  20 C.F.R. §§ 404.900(a)(5) and 416.1400(a)(5).  Finally, the regulations warn that "[i]f you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review".  20 C.F.R. §§ 404.900(b) and 416.1400(b).

Because plaintiff has not obtained a judicially reviewable final decision, this court lacks jurisdiction to hear his appeal at this time.

### III.   CONCLUSION

Because plaintiff has not obtained a judicially reviewable final decision, it is

ORDERED that defendant's motion to dismiss is granted.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
January 30, 2008